**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROY A. VAN WYK, | : | Civil Action No. 08-3650 (JAG) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| ANDREW J. CEVASCO, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

> ROY A. VAN WYK, #22384-050
> USP Atwater
> P.O. Box 019001
> Atwater, CA 95301

**GREENAWAY, JR., District Judge**

Plaintiff Roy A. Van Wyk, a prisoner incarcerated at the United States Penitentiary in Atwater, California, seeks to file a Complaint alleging violation of his constitutional rights, pursuant to 42 U.S.C. § 1983. Based on Plaintiff's affidavit and prison account statement, this Court will reopen the file and grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint for lack of jurisdiction.

**I. BACKGROUND**

On April 27, 1999, Plaintiff was arrested pursuant to a two-count indictment filed in this Court on April 26, 1999. See United States v. Van Wyk, Crim. No. 99-0217 (WGB) (D.N.J.

filed April 26, 1999). On February 9, 2000, a jury convicted Plaintiff on four counts of a superseding indictment charging him with conspiring to make threatening communications from January 1993 through December 1998, in violation of 18 U.S.C. § 875; making threatening communications on two specific occasions; and possession of a firearm by a convicted felon. By judgment filed September 19, 2000, Judge William R. Bassler sentenced Plaintiff to an aggregate 188-month term of imprisonment. On March 29, 2001, the United States Court of Appeals for the Third Circuit affirmed Plaintiff's sentence. See United States v. Van Wyk, 262 F. 3d 405 (3d Cir. 2001) (table). On October 1, 2001, the Supreme Court denied certiorari. See United States v. Van Wyk, 534 U.S. 826 (2001).[1]

On October 15, 2003, Plaintiff filed a motion to vacate the sentence in this Court, pursuant to 28 U.S.C. § 2255, asserting violation of his Sixth Amendment right to effective assistance of counsel. See id. On June 28, 2004, Judge Bassler denied the motion as time barred. Id. On November 30, 2004, the Court of Appeals denied a certificate of appealability.

On June 31, 2008, Plaintiff executed the Complaint that is presently before this Court. The Clerk received it on July 22, 2008. By Order filed December 22, 2008, this Court denied Plaintiff's application to proceed in forma pauperis as incomplete and administratively terminated the case, without prejudice. On January 12, 2009, Plaintiff submitted the required prison account statement.

---

[1] Because Plaintiff was in the custody of the State of New Jersey on related charges, he was not taken into custody of the Bureau of Prisons for service of his federal sentence until October 16, 2002. See Van Wyk v. Pugh, Civ. No. 03-4873 (WGB) docket entry #7, p. 2 (D.N.J. June 28, 2004).

Plaintiff brings this action against Andrew J. Cevasco, administrator of the estate of Plaintiff's mother, Anna T. Van Wyk; Plaintiff's brother, Kenneth J. Van Wyk; Kenneth's attorney, William J. Baily; attorney Louis C. Tomasella; and five John Doe defendants. Plaintiff asserts that on May 25, 2001, approximately one month after she received a $1.1 million medical malpractice settlement, Plaintiff's mother died. Plaintiff alleges that at the time of her death, his mother had a will dated July 21, 1978, whereby she bequeathed her estate to Plaintiff and his brother, Mark, but she excluded Plaintiff's siblings Kenneth and Joyce. Plaintiff asserts that Kenneth, represented by Baily, challenged the mother's will. Plaintiff also alleges that, on the basis of perjured testimony by Kenneth, Judge Gerald Escala determined that the will was invalid and that the mother had died intestate. Judge Escala also allegedly appointed defendant Andrew J. Cevasco, as administrator of the estate.

Plaintiff contends that defendants conspired, and through perjury, deceit, misconduct, fraud, breach of fiduciary duty, breach of promise, and intentional infliction of emotional distress, they defrauded him of his proper inheritance from the estate. Plaintiff seeks compensatory and punitive damages of $1.5 million.

Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff's jurisdictional allegations are set forth below:

> This Court has jurisdiction to entertain Plaintiff's "Diversity Action Cause," pursuant to 28 U.S.C. § 1332(a).

### JURISDICTION

I Roy Van Wyk (hereinafter plaintiff) state as follows. In December of 1999 I was incarcerated at the Bergen County Jail in Hackensack, N.J. In October of 2002 I was transferred to The Passaic County Jail in Paterson, N.J. for two (2) weeks. Transferred to The Metropolitan Detention Center, Brooklyn, N.Y.

3

>for two (2) weeks. Transferred to The United States Penitentiary, Allenwood, Pennsylvania, from November of 2002 until May of 2005. At that time Plaintiff was transferred to the Federal Transfer Center, Oklahoma City, Oklahoma, for two (2) days. Then transferred to The United States Penitentiary, Atwater, California, where Plaintiff currently resides. Plaintiff's loss was over $75,000.00.

(Docket entry #1, pp. 1-2.)

Plaintiff's Complaint does not specify the citizenship of each defendant, but a one-page document attached to the Complaint, entitled "Addresses of Defendants for Service of Complaint," indicates that defendants Cevasco and Tomasella are partners in a law firm located in Hackensack, New Jersey; defendant Baily's firm, Huntington Baily, L.L.P., is located in Westwood, New Jersey; and Kenneth Van Wyk's address is Woodcliff Lake, New Jersey. (Docket entries # #1-5.)

## II. DISCUSSION

A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). Article III of the Constitution provides:

>The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--

4

>between Citizens of the same State claiming Lands under Grants of
>different States, and between a State, or the Citizens thereof, and
>foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing subject matter jurisdiction must be alleged in the complaint. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936). The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

Congress has given district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is determined by examining the citizenship of the parties at the time the complaint is filed. See Smith v. Sperling, 354 U.S. 91 (1957); see also Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought") (citation and internal quotation marks omitted). This time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing - whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux, 541 U.S. at 571.

In a diversity action, the complaint must set forth the citizenship of each party such that the existence of complete diversity can be confirmed from the face of the complaint. See Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999); see also Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction"). "The failure to allege [a party's] citizenship in a particular state is fatal to diversity jurisdiction." Universal Reinsurance Co., Ltd. v. St. Paul Fire And Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000). Allegations of residence are insufficient for purposes of establishing jurisdiction under § 1332. See Quinn v. McGraw-Hill Companies, Inc., 168 F.3d 331, 334 n.1 (7th Cir. 1999); Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998). "[M]ere residency in a state is insufficient for purposes of diversity." Krasnov, V. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972). "When the parties allege residence but not citizenship, the court must dismiss the suit." Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998) (quoting Guaranty Nat'l Title Co. v. J.E.G. Assoc., 101 F.3d 57, 58 (7th Cir. 1996)).

Application of the above precepts requires dismissal of the Complaint at bar for lack of subject matter jurisdiction. Although the Complaint sets forth the residence of each named party, it fails to plead facts regarding the citizenship of each party, and this omission renders the Complaint fatally defective. See Universal Reinsurance Co., Ltd., 224 F.3d at 141 ("The failure to allege [a party's] citizenship in a particular state is fatal to diversity jurisdiction); Guaranty Nat'l Title Co. v. J.E.G. Assoc., 101 F.3d at 58 ("When the parties allege residence but not citizenship, the court must dismiss the suit"); American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979) (plaintiff "must specifically allege each

6

party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states").

Moreover, at the time he filed the Complaint, Plaintiff resided in California because he was incarcerated at USP Atwater, serving a 188-month sentence imposed by Judge Bassler. "Because [plaintiff] was incarcerated when he filed his complaint, his citizenship is determined by his state of domicile immediately before being incarcerated." McCracken v. Murphy, 129 Fed. App'x 701, 702 (3d Cir. 2005); accord Pierro v. Kugel, Civ. No. 09-1686 (DRD), 2009 WL 1043955 at *2 (D.N.J. April 16, 2009) ("this court follows the . . . majority rule that incarceration in a penal institution will not work a change in domicile") (citation and internal quotation marks omitted); Manna v. U.S. Dep't of Justice, 1994 WL 808070 at *3 (D.N.J. 1994) ("a prisoner's residence does not change when he is incarcerated"); Tumminello v. Bergen Evening Record, Inc., 454 F. Supp. 1156, 1158 (D.N.J. 1978) (same).

Here, Plaintiff asserts no facts regarding his domicile prior to his incarceration, which apparently began in 1999 when he was arrested pursuant to an arrest warrant issued by this Court on April 26, 1999. Because the Complaint fails to assert facts establishing diversity jurisdiction, this Court must dismiss the Complaint for lack of jurisdiction. See Elcheikhali v. Radio Shack, 2009 WL 1469018 (D.N.J. May 26, 2009); Pierro v. Kugel, 2009 WL 1043955 (D.N.J. Apr. 16, 2009). Insofar as "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653, the dismissal is without prejudice to the filing of an amended complaint which cures the aforesaid jurisdictional deficiencies, within 30 days of the date of the entry of the Order accompanying this Opinion.

## III. CONCLUSION

The Court orders that the file be reopened, that Plaintiff's application to proceed in forma pauperis be granted, and that the Complaint be dismissed for lack of subject matter jurisdiction.

JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: July 31, 2009