NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROY A. VAN WYK, | : | Civil Action No. 08-3650 (JAG) |
| Plaintiff, | : | |
| | : | OPINION |
| v. | : | |
| ANDREW J. CEVASCO, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

    ROY A. VAN WYK, #22384-050
    USP Atwater
    P.O. Box 019001
    Atwater, CA 95301

**GREENAWAY, JR., Circuit Judge**

    Plaintiff Roy A. Van Wyk, a prisoner incarcerated at the United States Penitentiary in Atwater, California, filed an Amended Complaint, as permitted by this Court's Order, entered July 31, 2009. The Order dismissed the Complaint for lack of subject matter jurisdiction and granted Plaintiff 30 days leave to file an amended complaint. Upon consideration of the Amended Complaint, this Court shall dismiss the Amended Complaint for lack of subject matter jurisdiction.

## I. BACKGROUND

    In the Complaint and Amended Complaint, Plaintiff seeks damages from his brother Kenneth; Andrew Cevasco, the administrator of the estate of Plaintiff's mother; Cevasco's partner, Louis Tomasella; William Baily, the attorney who represented his brother; and Jane and

John Does.  Plaintiff asserts that, through perjury, deceit, misconduct, fraud, breach of fiduciary duty, and other misconduct, defendants defrauded Plaintiff of his proper inheritance from his mother's estate.  By Opinion and Order entered July 31, 2009, this Court dismissed the original Complaint for lack of jurisdiction because the Complaint asserted diversity jurisdiction, but failed to plead facts regarding the citizenship of each party.[1]  Subsequently, Plaintiff filed an Amended Complaint.

## II.  DISCUSSION

In the Amended Complaint, Plaintiff states that he was born in New Jersey, he resided in New Jersey, prior to his incarceration, and he intends to live in New Jersey, upon his release from prison.  Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of the State of New Jersey.  See Opinion, Docket Entry No. 8 at p. 7.  Plaintiff expressly acknowledges in the Amended Complaint that each named defendant is also a citizen of the State of New Jersey.  See Am. Compl., Docket Entry No. 10 at pp. 2-3.

The general diversity statute grants jurisdiction "only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  See also City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63, 69 (1941) ("To sustain diversity jurisdiction there must exist an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are

---

[1] See Universal Reinsurance Co., Ltd. v. St. Paul Fire And Marine Ins. Co., 224 F. 3d 139, 141 (2d Cir. 2000) ("The failure to allege [a party's] citizenship in a particular state is fatal to diversity jurisdiction); Guaranty Nat'l Title Co. v. J.E.G. Assoc., 101 F. 3d 57, 58 (7th Cir. 1996) ("When the parties allege residence but not citizenship, the court must dismiss the suit"); American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F. 2d 15, 16 (5th Cir. 1979) (plaintiff "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states").

citizens of different states from all parties on the other side") (citations and internal quotation marks omitted).  Because Plaintiff and defendants are all citizens of the State of New Jersey, diversity jurisdiction does not exist, and this Court will dismiss the Amended Complaint for lack of subject matter jurisdiction.

### III.  CONCLUSION

This Court reopens the file and dismisses the Amended Complaint for lack of subject matter jurisdiction.

      S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.C.J.[*]

Dated: February 24, 2010

---

[*] Sitting by designation.